JUSTICE McDADE, dissenting: The majority affirms the decision of the circuit court of Kankakee County refusing to appoint independent counsel to investigate defendant’s posttrial allegations of ineffective assistance of counsel and upholding his conviction for unlawful use of weapons by a felon and his sentence of 16 years in the Illinois Department of Corrections. For the reasons that follow, I cannot agree with that holding and therefore respectfully dissent. The issue before us is whether there was a sufficient factual basis to warrant the appointment of independent counsel to investigate and present defendant’s ineffective assistance claims. We do not consider whether he would have prevailed on his allegations, as was the issue in People v. Redmond, 341 Ill. App. 3d 498, 793 N.E.2d 744 (2003), on which the majority significantly relies. There is, at this point, no need for defendant to satisfy either prong of the test for ineffective assistance articulated in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). It seems to me that the “instruction” the majority garners from Redmond mandates the appointment of independent counsel. The Redmond court found — as does the majority — that defendant’s claims of his attorney’s shortcomings were too speculative to warrant a finding of ineffective assistance because he “does not have any affidavits or other evidence that would support a claim of ineffective assistance of counsel for failure to call witnesses whose testimony would support an otherwise uncorroborated defense.” Redmond, 341 Ill. App. 3d at 516, 793 N.E.2d at 759. Although the majority acknowledges that the issue in Redmond is different from that we have on review in this case, it nonetheless contradicts itself to conclude: “The same issue exists in the instant case. Defendant has not produced any evidence whatsoever to support his claims. Defendant’s argument as to what other witnesses would testify is insufficient.” 363 Ill. App. 3d at 229. The majority and the State fault a pro se, incarcerated defendant for a failure to produce affidavits and other evidence of ineffective assistance. Is that not exactly what independent counsel is supposed to do? Defendant has not, in fact, produced affidavits. What he has produced, however, is the testimony of his trial counsel that: (1) his trial strategy was based on the relationships of the parties and his belief that the State’s evidence was insufficient to prove defendant guilty beyond a reasonable doubt (from which a reasonable inference may be drawn that he did not anticipate the need for or prepare for the presentation of an aggressive defense); and (2) his recollection was not clear at the hearing but he “guess[ed]” his decision as to which witnesses to call was a matter of tactics. There was also no indication that he even interviewed some of the witnesses whose testimony, even if not exculpatory, might have affected an assessment of defendant’s credibility. In addition, defendant has presented claims of possible neglect by trial counsel that warranted further investigation by independent counsel. Specifically, he asserts that: (1) by stipulating to the testimony of Lakiva Byrd rather than calling her as a witness, counsel gave up defendant’s possible opportunity to elicit, on either direct or cross-examination, that she did not see defendant with a gun at any time or times the State deems relevant; (2) by not calling Walter Westbrook, or apparently even interviewing him (although counsel knows Tasha Jackson claimed defendant had tied up Westbrook after he had allegedly been given the gun by Demarco Hampton), counsel gave up defendant’s possible opportunity to show Westbrook was never tied up by defendant nor ever saw him with a gun; (3) by not calling, or apparently even interviewing, Demarco Hampton, counsel gave up defendant’s possible opportunity to show that Hampton brought only two guns to Jackson’s house and had not given one to defendant (as Jackson claimed in her initial sworn statement); and (4) by not calling Asia Wilson, counsel gave up defendant’s possible opportunity to secure her testimony that she did not see him with a gun at any time that day and that there was no “hostile situation” in the car as she was driving Tasha, Sampson and defendant back to Tasha’s house. Defendant — incarcerated and pro se — is in no position to support his claims in the requisite manner without representation. The majority argues, in circular fashion, that a record that lacks allegedly relevant testimony is sufficient to refute defendant’s claim that his attorney was ineffective because he failed to produce that relevant testimony. The majority suggests that if an investigation by independent counsel were to show that: (1) Byrd was present in the house and did not see defendant with a gun there; (2) Westbrook was not tied up by defendant and did not see defendant with a gun; and (3) Hampton would testify that he did not give a gun to defendant. That testimony, together with the earlier testimony of Byrd, Wilson, and defendant that he did not have a gun, would not be sufficient to overcome the trial testimony of Jackson that contradicted her earlier sworn statement that defendant did not in fact have a gun. The record is clear that Tasha Jackson lied under oath. Either she lied at trial or she lied in her earlier, directly contradictory sworn statement. Indeed, the trial court noted that corroboration was “important because Tasha Jackson’s testimony standing alone is suspect.”[1] She was clearly the strongest witness for the State. In light of this, I think defendant’s claim that there were witnesses with relevant testimony that his attorney did not interview and did not call warrants investigation by someone in a position and with the knowledge to investigate completely. Clearly defendant, pro se and incarcerated, was not that someone. I believe counsel should have been appointed to investigate defendant’s claims of ineffective assistance and therefore I respectfully dissent from the majority’s contrary decision. defendant points out that the corroboration specifically mentioned by the court was the agreement between Tasha and her cousin Sampson Jackson that the hair color of the driver (Asia Wilson) was black and blonde. Defendant suggests that information provided by trial counsel in a posttrial motion that Tasha had testified at Donnell’s trial that the driver’s hair was reddish blonde might have shaken the court’s already strained acceptance of her credibility.